UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS HEALTH & WELFARE FUND, TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS PENSION FUND, AND TRUSTEES OF THE MICHIANA AREA ELECTRICAL WORKERS MONEY PURCHASE PLAN, <br><br>            Plaintiffs, <br><br>      v. <br><br> VANDERHEYDEN, INC. d/b/a VANDERHEYDEN TECHNOLOGIES, <br><br>            Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )  CAUSE NO.  2:16-CV-0306-PPS-PRC |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Default Judgment against Defendant Vanderheyden, Inc. d/b/a Vanderheyden Technologies.  [DE 7.]  Because Vanderheyden, Inc. has failed to respond to the complaint or otherwise defend this action, Plaintiff's Motion for Default Judgment is granted.

BACKGROUND

The Plaintiffs are trustees of a multi-employer health and welfare fund, pension fund, and money purchase plan (the "Funds").  The Plaintiffs are suing on behalf of the Funds to collect delinquent employment contributions owed by Vanderheyden, Inc. under a collective bargaining agreement between it and the IBEW Local 153 and a letter of assent in which it agrees to be bound by current and subsequent labor agreements,

which includes the trust agreement establishing the Michiana Area Electrical Workers Pension Fund. [DE 1 at ¶11.] Plaintiffs claim that Vanderheyden, Inc. violated its obligation under the collective bargaining agreement, the trust agreement, Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3) and § 1145, and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), in that it failed to pay contributions owed to the Plaintiffs' funds, as set forth in a payroll audit for the period of October 2011 through March 2016. [*Id.* at ¶11.]

Plaintiffs filed the complaint in this matter on June 28, 2016. [DE 1.] Service of the summons and complaint was received by certified mail by Mark Vanderheyden, who is a registered agent designated by law to accept service of process on behalf of Vanderheyden, Inc. d/b/a Vanderheyden Technologies. [DE 4.] Defendant failed to appear, plead, or otherwise defend the lawsuit. Accordingly, Plaintiffs filed an application for clerk's entry of default on July 25, 2016, [DE 6], which the Clerk of the Court entered on July 29, 2016, [DE 6]. Plaintiffs moved for default judgment on August 25, 2016. [DE 7.] They seek delinquent contributions, penalties, a processing fee, attorneys fees, and costs totaling $37,211.39. [DE 8 at 5.] In their motion, Plaintiffs state that, after this lawsuit was filed, Vanderheyden, Inc. made a payment, but still owes contributions, penalties, and assessments. [*Id.* at 2.] Plaintiffs assert that Vanderheyden, Inc. has never disputed the amounts owed. [*Id.* at 4.] Vanderheyden, Inc. still has not appeared or responded.

2

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment.  Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).  *See Hill v. Barbour*, 787 F. Supp. 146, 148 n. 4 (N.D. Ill. 1992).  Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend.  Fed.R.Civ.P. 55(a).  This entry is recognition of the fact that a party is in default for a failure to comply with the rules.  Since the Clerk already entered default against Vanderheyden, Inc., I may enter a default judgment under Rule 55(b)(2).  While Rule 55(b) gives district courts the power to enter default judgment, they must exercise discretion when doing so.  *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993); *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003).  "As a general rule, a default judgment establishes, as a matter of law, that defendant[] [is] liable to plaintiff as to each cause of action alleged in the complaint." *O'Brien*, 998 F.2d at 1404 (citation and internal quotation marks omitted).

Courts may consider a number of factors when deciding a motion for default judgment.  These factors include the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are at issue, whether the default is largely technical, whether plaintiff has been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt.  10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685

(3d ed. 1998); *see also American Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. Mar. 29, 2002) (citation omitted).

In this case, there are few material issues of fact, and the grounds for default are clearly established. This case has been pending since June 2016 and Vanderheyden, Inc. has shown no intention to respond to the Complaint in the several months since it was served. Notably, during the interim between when this action was filed and the Plaintiffs moved for default judgment, Vanderheyden, Inc. made a payment towards its delinquent contributions, likely in response to this lawsuit and to avoid penalties, but neglected to respond to the complaint or participate in this lawsuit. The default, therefore, is not simply a technicality. Moreover, Plaintiffs seek a relatively small amount of money, and the lawsuit implicates no issues of public importance. Finally, Vanderheyden, Inc.'s refusal to respond to Plaintiffs' complaint prejudices Plaintiffs by delaying their receipt of the money at issue. Thus, all of the factors weigh in favor of default judgment.

When a court determines that the defendant is in default, all well-pleaded allegations of the complaint will be taken as true. *O'Brien*, 998 F.2d at 1404 (citations omitted); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Here, this means that I must take as true Plaintiffs' assertion that Vanderheyden is liable to the Funds for delinquent contributions. Yet, "[a]lthough upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not." *Dundee Cement Co. v. Howard Pipe & Concrete*

4

*Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citations omitted).  Though Federal Rule of Civil Procedure 55(b)(2) provides that a court may hold a hearing or conduct an investigation if necessary to determine the amount of damages, no such inquiry is necessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."  *Id.*; *see also Pope v. United States*, 323 U.S. 1, 12 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly.") (citations omitted).  That is the case here.

When a benefit plan wins a judgment to enforce payment of delinquent contributions it is entitled to:

    (A) the unpaid contributions,

    (B) interest on the unpaid contributions,

    (C) an amount equal to the greater of –

        (I) interest on the unpaid contributions, or

        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D) reasonable attorney's fees and costs of the action to be paid by the defendant,

and

(E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of the Funds' claims for delinquent contributions, Plaintiffs submit the affidavit of Brian Sullivan, an employee of the Funds whose duties include administration of collections for employer contributions to the Funds. [DE 8-1 at ¶3.] Sullivan avers that the Funds are owed $34,782.22 for the payroll audit, post-audit delinquent contributions, and penalties. [*Id.* at ¶17.] He also states that the $25.00 processing fee is currently owed and that the Funds incurred court costs and attorneys fees of $2,404.17 in mounting this collection lawsuit. [DE 8-7 at ¶6; DE 8-8 at ¶¶2-5.] An affidavit and accompanying documentation from Plaintiffs' attorney Teresa A. Massa, reflects that her hourly rate is $225.00, which the Court finds reasonable. [DE 8-8 at ¶4.] Finally, the fact that Vanderheyden, Inc. made some payments towards its delinquent contributions after this lawsuit was filed does not relieve it of the obligation to pay the penalties for those delinquent penalties. *See Operating Engineers Local 139 Health Benefit Fund v. Gustafson Const. Corp.*, 258 F.3d 645, 654 (7th Cir. 2001).

Plaintiffs are owed the full amount sought. Adding together the delinquent contributions, penalties, processing fee, attorneys fees, and costs, Vanderheyden, Inc. owes Plaintiffs a total of $37,211.39.

## CONCLUSION

The Court, being duly advised, **GRANTS** the Motion for Default Judgment [DE

6

7.]  Defendant Vanderheyden Inc. d/b/a Vanderheyden Technologies is **ORDERED** to pay Plaintiffs $37,211.39 in delinquent contributions, penalties, processing fee, attorneys fees, and costs.  The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiffs are entitled to the relief ordered herein.  The Clerk is further directed to treat this matter as **TERMINATED**.

    **SO ORDERED.**

    ENTERED: October 21, 2016

                                               s/Philip P. Simon_____
                                               PHILIP P. SIMON, CHIEF JUDGE
                                               UNITED STATES DISTRICT COURT